# In the United States Court of Federal Claims

No. 16-1656C

(Filed Under Seal: April 17, 2017)

(Reissued for Publication: April 25, 2017)[1]

```
*************************************
                                    *
GALLUP, INC.,                       *
                                    *
                Plaintiff,          *   Pre-Award Bid Protest; U.S. Special
                                    *   Operations  Command;  Inaccurate
v.                                  *   Administrative Record; Rule 11; Agency
                                    *   Misconduct;   Conduct   Warranting
THE UNITED STATES,                  *   Sanctions.
                                    *
                Defendant.          *
                                    *
*************************************
```

*Jeffry R. Cook,* Dempsey Fontana, PLLC, Tysons Corner, Virginia, for Plaintiff.

*Joshua E. Kurland,* with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Lawrence M. Anderson* and *Kyle E. Gilbertson*, Of Counsel, Commercial Litigation Field Support Center, and *Carolyn Fox*, Attorney-Advisor, U.S. Special Operations Command, for Defendant.

OPINION AND ORDER REGARDING SANCTIONS

WHEELER, Judge.

In this pre-award bid protest, Plaintiff Gallup, Inc. ("Gallup") challenged a decision by the United States Special Operations Command ("USSOCOM") to set-aside a solicitation exclusively for small businesses. Gallup argued that USSOCOM irrationally evaluated responses to a Request

---

[1] The Court issued this decision under seal on April 17, 2017 and invited the parties to submit proposed redactions of any competitive-sensitive, proprietary, confidential, or other protected information on or before April 24, 2017. By that date, none of the parties proposed redactions. Thus, the Court reissues the opinion in its entirety for publication.

for Information ("RFI") when it decided that small businesses would be able to perform the solicited work while complying with FAR 52.219-14, Limitations on Subcontracting ("the LOS clause"). After the parties completed briefing on cross-motions for judgment on the administrative record, the Government took corrective action and notified the court of an inaccuracy in the Administrative Record. See Dkt. No. 21. This Opinion and Order memorializes the facts surrounding that inaccuracy and associated agency misconduct.

Discussion

USSOCOM conducts Military Information Support Operations ("MISO") which are "efforts undertaken to influence public opinion in countries around the world." Dkt. No. 17, Pl.'s Mot. at 2. USSOCOM contemplated issuing a small business set-aside solicitation to support its Global Research and Assessment Program ("GRAP") in assessing the effectiveness of MISO operations by conducting qualitative and quantitative studies based on thousands of interviews in target countries. AR 2. The LOS clause, applied to small business set-asides, states that "[a]t least 50 percent of the cost of contract performance incurred for personnel shall be expended for employees of the [small business]." FAR 52.219-14(c)(1).

On May 31, 2016, USSOCOM issued RFI No. H92222-16-GRAP02 in order to gather information regarding "small businesses' ability to support GRAP while ensuring compliance with FAR 52.219-14, Limitations on Subcontracting." AR 1. After reviewing responses from interested contractors, USSOCOM concluded that "14 respondents were [] capable of supporting the GRAP requirements [and] the majority of respondents addressed FAR 52.219-14." Id. at 156. Satisfied that a small business could perform the GRAP requirements while complying with the LOS clause, USSOCOM posted Solicitation H9222-17-R-0009 as a small business set-aside incorporating the LOS clause on November 14, 2016. Id. at 354. Gallup is not a small business, and thus was ineligible to compete under the Solicitation. Gallup challenged the rationality of USSOCOM's set-aside decision specifically arguing that the RFI responses did not indicate that a small business could satisfy both the GRAP requirements and the LOS clause simultaneously. Pl.'s Mot. at 1.

Gallup filed this bid protest on December 16, 2016. See Dkt. No. 1. The Government filed the Administrative Record on January 6, 2017. See Dkt. No. 10. The Administrative Record contains a key document entitled "Market Analysis (June 24, 2016)" which provides the only record of USSOCOM's evaluation of the RFI responses and basis for the small business set-aside decision. AR, Index at 2, 156-60. First, the Market Analysis contains a "Memorandum for Record" which includes the following pertinent language:

> The GRAP team . . . reviewed the responses and consolidated comments on the attached matrix, see Enclosure 1. [. . .] Of the 22 responses from small businesses, 14 respondents were determined capable of supporting the GRAP requirements. While a majority of

2

> responses addressed [the LOS clause], the responses from [three small businesses] provided the most extensive and detailed information regarding compliance with the clause. Based on the assessment of responses received as detailed in the enclosure and with concurrence from all members of the team, the responses were determined sufficient and alleviated the government's concerns. As such, the GRAP acquisition *will be processed* as a small business set-aside.

Id. at 156 (emphasis added). The Contracting Officer, Ms. Julia A. DeLoach, signed the Memorandum for Record. Id. While the document itself contains no date, the Index identifies June 24, 2016 as the date of creation for the Memorandum of Record. Id., Index at 2. Second, the Market Analysis contains an undated chart, referenced as "Enclosure 1" in the Memorandum for Record, which summarizes the USSOCOM evaluation team's comments on each RFI response. Id. at 157-60. Importantly, the chart alone does not indicate that "[a] majority of respondents addressed [the LOS clause]." Id. at 156. Instead, the chart contains a column entitled "Plan for addressing at least 50%" (seemingly referring to the LOS clause) for which each RFI response received a "yes" or "no," with only three small businesses receiving a "yes." Id. at 157-60. Thus, the Memorandum for Record is the only consensus documentation of USSOCOM's decision to process the GRAP acquisition as a small business set-aside. Pursuant to normal Court procedures, the Administrative Record also contains a "Certification of Contracting Office" signed by Ms. DeLoach affirming that "*after careful review*, the following documents constitute the record of administrative actions . . . ." Id., Certification following Index (emphasis added).

On March 27, 2017, after the parties completed briefing on their cross-motions for judgment on the administrative record, the Government filed a Notice of Corrective Action stating that "[b]ecause broader, more-integrated support services are now needed, USSOCOM has determined that it is in the United States' best interests to cancel the current small business set-aside procurement . . . ." Dkt. No. 21, at 1. In addition, the Government notified the Court that on March 23, 2017 the Government learned the Memorandum for Record "had been prepared on or about December 15, 2016, *i.e.*, after the agency had proceeded with the procurement as a small business set-aside and had received [Gallup's] pre-filing notice regarding its putative protest (the accompanying chart was created in June 2016)." Id. at 2. The Government further requested that the Court cancel oral argument on the cross-motions scheduled for March 30, 2017. Id.

In order to "uncover the nature of the inaccuracy present in the administrative record and determine whether any action should be taken by this Court", the Court issued an Order retaining the March 30, 2017 hearing date, and requiring "all those individuals who assisted in the production of the administrative record" to attend the hearing. Dkt. No. 22, at 1.

At the hearing, the Court questioned Ms. DeLoach while she was under oath. DeLoach, Tr. 14:22-25:20. Ms. DeLoach testified that she has worked as a Contracting Officer for

3

"probably 25 plus, maybe 30 years" and currently holds an "unlimited warrant." Id. at 15:13-14, 15:21. She further testified that she personally compiled the Administrative Record in this case without any assistance, including choosing the June 24, 2016 date for the Memorandum for Record in the Index, and signed the Certification of Contracting Office. Id. at 16: 12-18, 21:15-19; 24:15. Ms. DeLoach confirmed that the chart accompanying the Memorandum for Record was created on June 24, 2016 and that it accurately represents the contemporaneous comments of the USSOCOM evaluation team. Id. at 18:18-19:12. When presented with the Memorandum for Record and asked to explain why she created the document, Ms. DeLoach responded:

> [W]hen I received the pre-filing notice about December 13th, I said, uh-oh, if [Gallup] really file[s], I need to make sure my record [is] in good shape. […] I realized I had the [chart] with nothing that consolidated that or nothing that summarized that and I prepared the [Memorandum for Record] at that time, sir. I now know that [] was a huge mistake and I am deeply sorry that this has come to this. . . . [T]he timing was wrong.

Id. at 20:6-18. Ms. DeLoach testified that she prepared the document on December 13th or 14th of 2016 and no one assisted her.[2] Id. at 21:7, 27:2-5. Finally, Ms. DeLoach confirmed that the GRAP acquisition was already "underway" when she created the Memorandum for Record and thus the memorandum could not have been the basis for the agency's set-aside decision. Id. at 22:19-25 (demonstrating the misleading nature of the Memorandum for Record's forward-looking statement: "As such, the GRAP acquisition will be processed as a small business set-aside." AR 156).

On March 30, 2017, immediately following the hearing, the Court issued an Order to Show Cause stating that "the Court contemplates the imposition of sanctions against USSOCOM for violating Rule 11(b)(3) of this Court" and ordered the Government to "explain[] why the Court should not require USSOCOM to pay Gallup's attorney's fees and costs associated with the prosecution of this bid protest." Dkt. No. 23, at 1-2. RCFC 11(b)(3) requires all representations made to the Court to have proper evidentiary support and RCFC 11(c) provides that "the court may impose an appropriate sanction on any . . . party that violated [Rule 11(b)]". Knowingly providing inaccurate information to the Court is certainly grounds for sanctions under RCFC 11(c). See e.g., Jimenez v. Madison Area Tech. Coll., 321 F.3d 652, 655-57 (7th Cir. 2003) (upholding sanctions against a party who presented manufactured documents to support allegations in her complaint); Gonzales v. Trinity Marine Grp., Inc., 117 F.3d 894, 898-99 (5th Cir. 1997) (holding that a court could issue sanctions for fabrication of evidence under its inherent

---

[2] In order to determine the exact date of creation, the Court ordered the Government to file notice of when the Memorandum for Record was created. Dkt. No. 23, at 2. The Memorandum for Record was actually created on December 15, 2016 at 2:19 PM EST. Dkt. No. 26, at 1.

powers); Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (upholding sanctions against a party who produced manufactured documents as an exhibit).

A recent bid protest before this Court, Coastal Environmental Group Inc. v. United States, presents nearly identical facts to those here and further supports the imposition of sanctions in this case. 118 Fed. Cl. 15 (2014). In Coastal Environmental Group, an EPA official included a backdated document in the administrative record in order to "make it appear to anyone who read the document that she prepared and signed the document ten months earlier than she actually did." Id. at 35. The official then "attempted to cure her oversight by preparing . . . a Determination and Findings document." Id. Accordingly, Judge Margaret Sweeney of this Court imposed sanctions under RCFC 11(c) and ordered the agency to pay the plaintiff's attorney's fees and costs and a $1,000.00 fine. Id. at 38. Ms. DeLoach also realized her record was incomplete and attempted to "cure her oversight" by preparing a Memorandum for Record nearly six months after USSOCOM made its set-aside decision.

On April 12, 2017, the Court held a telephonic status conference at the request of the parties during which counsel for the Government indicated (and confirmed in writing the same day) that the parties had "reached an agreement in principle for USSOCOM to pay Gallup's attorney fees and litigation costs . . . as contemplated by the Court's order." Dkt. No. 28, at 1. In addition, the Government noted that USSOCOM will:

> issue guidance to its contracting staff emphasizing the importance of completeness, accuracy, and integrity in preparing records and accompanying certifications [and] is in the process of planning a training session . . . that will focus on issues of accuracy and ethics in preparing and certifying administrative records.

Id. at 1-2. Therefore, the Government does not dispute the appropriateness of sanctions in this case. Id. at 2. Gallup is "satisfied that these actions, once consummated, will constitute an adequate remedy for the problems identified with the administrative record . . . ." Dkt. No. 29, at 1. Given this agreement, the formal imposition of sanctions under RCFC 11(c) is unnecessary. The Government will file a status report on or before May 17, 2017 indicating what progress has been made towards the payment of Gallup's attorney's fees and costs and the implementation of USSOCOM's proposed ethics guidance and training session.

Conclusion

The integrity of the administrative record, upon which nearly every bid protest is resolved, is foundational to a fair and equitable procurement process. While the Government has accepted responsibility for its misconduct, the importance of preventing a corrupted record cannot be overstated. The Court encourages USSOCOM to take all reasonable steps to ensure that its contracting office appreciates the necessity of conducting a well-documented, well-reasoned

procurement and producing a meticulous and accurate record for review.  The Court will not tolerate agency deception in the creation of the administrative record.

    IT IS SO ORDERED.

                                                                                           s/ Thomas C. Wheeler
                                                                                         THOMAS C. WHEELER
                                                                                         Judge